FILED

August 7, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:42 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Rosa Jimenez | ) | Docket No. 2016-06-2377 |
| | ) | |
| v. | ) | State File No. 98498-2015 |
| | ) | |
| Xclusive Staffing of Tennessee, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

---

### Affirmed and Remanded - Filed August 7, 2017

---

The employee, a hotel housekeeper, alleged she injured her right shoulder putting a pillow in a pillowcase. The employer denied the claim on the basis that the alleged injury was inconsistent with the reported mechanism of injury and that the employee had given inconsistent accounts of how the injury occurred. Following an expedited hearing, the trial court found the medical proof was sufficient to establish the employee would likely prevail at trial and ordered the employer to provide a panel of physicians. The employer has appealed. Finding no error, we affirm and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Michael Fisher, Nashville, Tennessee, for the employee-appellant, Rosa Jimenez

Colin McCaffrey, Goodlettsville, Tennessee, for the employer-appellee, Xclusive Staffing of Tennessee, LLC

### Memorandum Opinion[1]

Rosa Jimenez ("Employee") alleges she suffered an injury to her right shoulder while working for Xclusive Staffing of Tennessee, LLC ("Employer"), as a housekeeper at a Nashville hotel. She asserts that on December 9, 2015, she was shaking a pillow into

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

a pillowcase and felt a pop followed by pain in her right shoulder.  There is no dispute that she provided proper notice of the incident.

The parties appear to agree that a panel of physicians was provided and that Employee did not return the panel to Employer with her selection.  Nonetheless, she sought treatment at Concentra Medical Center, one of the facilities listed on Employer's panel, on December 30, 2015.  At that visit, Employee complained of right shoulder pain that occurred while "fluffing" a pillow.  She denied having suffered any prior injuries to her shoulder, and the medical care provider at Concentra returned her to work with restrictions.[2]

Employee attended physical therapy at Concentra and returned for a follow-up visit on January 4, 2016.  She was diagnosed with right shoulder pain, and her medical care provider continued the order for physical therapy and assigned work restrictions. Employer denied the claim on the basis that Employee's mechanism of injury was not consistent with her diagnosis and that her medical records reflected conflicting dates of injury.[3]

Thereafter, Employee sought treatment on her own at Vanderbilt University Medical Center's emergency room.  The record of an April 2, 2016 visit indicates she reported injuring her right shoulder folding laundry.  The attending medical care provider believed Employee had a rotator cuff tear or adhesive capsulitis.  Employee returned to Vanderbilt on April 8, 2016, again reporting she had injured her shoulder performing housekeeping duties.

On May 19, 2016, Employee sought medical attention at Siloam Family Health Center where she was seen by a physician's assistant.  She complained of pain in her shoulder after she injured it shaking a pillow into a pillowcase.  She described feeling a pop followed by pain and was referred to an orthopedist. Thereafter, Employee saw Dr. William Mayfield, an orthopedist, who noted she had injured her shoulder shaking a pillowcase at work.  She again described feeling a pop followed by pain in her shoulder. Dr. Mayfield diagnosed a possible rotator cuff tear and/or adhesive capsulitis and ordered an MRI.  He observed that the "[i]njury happened at work; she does not think work comp is covering injury, but difficult to see why not."  The MRI revealed a rotator cuff tear, and Employee followed up with another physician, Dr. Craig Morrison, who also noted Employee injured her shoulder shaking a pillow.

---

[2] Employee did not return to work for Employer and, in her petition for benefit determination, she sought payment of temporary disability benefits.  However, at the expedited hearing, she reserved the issue of temporary disability benefits and agreed that the only issue to be decided by the trial court was whether she was entitled to medical benefits.  Thus, we address only the benefits awarded by the trial court.

[3] The Concentra record from December 30, 2015 reflects an injury date of November 10, 2015 in one location and December 9, 2015 in another.

2

Dr. Sean Kaminsky, an orthopedic surgeon, reviewed Employee's medical records at Employer's request. Along with the medical records, Employer provided two co-workers' affidavits indicating Employee injured her shoulder when she tripped over a bed working at another hotel in May or June 2015. Dr. Kaminsky opined that the MRI revealed chronic degenerative changes and stated

> [t]hose abnormalities would [] be degenerative or atraumatic in origin and would predate the alleged work injury for this patient. Also, it would be very unusual to develop a traumatic rotator cuff tear . . . from simply doing laundry, fluffing a pillow, or placing a pillow inside a case.

> Additionally, if the tear occurred from a forceful traumatic injury, I would expect the patient to complain of acute focal pain necessitating the need to seek medical attention before a three week delay.

Dr. Mayfield likewise provided an opinion regarding causation in response to a letter from Employee's counsel. He indicated by checking blanks next to questions set out in the letter that he believed Employee's injury arose primarily out of the employment, that Employee still required medical treatment for her injury, and that Employee had restrictions on her activities since the date of the injury.

At the expedited hearing, Employee acknowledged tripping over a bed at a previous place of employment, but testified that she had not injured her shoulder at that time. The trial court found Employee's testimony credible and found Dr. Mayfield's opinion to be more persuasive than Dr. Kaminsky's. Accordingly, the trial court ordered medical benefits to be initiated by providing a panel of orthopedic physicians. Employer has appealed.

In its notice of appeal, Employer raises two issues: (1) whether Employee met her burden of proving a "specific compensable injury to her right shoulder," and (2) whether the trial court erred in accepting the opinion of Dr. Mayfield over that of Dr. Kaminsky. In its brief, however, Employer challenges only the trial court's decision to accredit the opinion of Dr. Mayfield. In the absence of an argument or other explanation of how Employer believes the trial court erred in finding Employee had shown she suffered an injury as defined by Tennessee Code Annotated section 50-6-102(14), that issue is waived. *See Sneed v. Bd. of Prof'l Responsibility of the Sup. Court of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her.").

Regarding whether the trial court erred in accrediting Dr. Mayfield's opinion over that of Dr. Kaminsky's, we note that neither physician was chosen from a panel pursuant to Tennessee Code Annotated section 50-6-204(a)(1)(A) (2017). Therefore, neither physician's opinion on causation is afforded a presumption of correctness. *See* Tenn.

Code Ann. § 50-6-102(14)(E) (2017). When faced with competing medical opinions, as in this case, trial courts are granted broad discretion in choosing which opinion to accept, and we will not disturb that decision absent an abuse of discretion. *See Sanker v. Nacarato Trucks, Inc.*, No. 2016-06-0101, 2016 TN Wrk. Comp. App. Bd. LEXIS 27, at *12 (Tenn. Workers' Comp. App. Bd. July 6, 2016).

The trial court concluded that the opinion of Dr. Mayfield, who had examined Employee for the purpose of providing medical care, merited greater weight than that of Dr. Kaminsky, who provided an opinion regarding causation without examining Employee. In determining which opinion to accept, the court considered the appropriate factors, including the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information through other experts. *Brees v. Escape Day Spa & Salon*, No. 2014-06-0072, 2015 TN Wrk. Comp. App. Bd. LEXIS 5, at *14 (Tenn. Workers' Comp. App. Bd. Mar. 12, 2015). Having carefully reviewed the trial court's analysis and the record, we find no abuse of discretion in the trial court's acceptance of Dr. Mayfield's causation opinion over that of Dr. Kaminsky's. Accordingly, the trial court's decision is affirmed, and the case is remanded for any further proceedings that may be necessary.

**FILED**

**August 7, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:42 A.M.**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Rosa Jimenez | ) | Docket No.   2016-06-2377 |
| | ) | |
| v. | ) | State File No.  98498-2015 |
| | ) | |
| Xclusive Staffing of Tennessee, LLC, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of August, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Michael Fisher | | | | | X | mfisher@ddzlaw.com |
| Colin McCaffrey | | | | | X | colin.mccaffrey@sa-trial.com |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov